UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BRIAN KEITH BABINEAUX                DOCKET NO. 6:23-cv-1008
                                                                SECTION P

VERSUS                                            JUDGE DAVID C. JOSEPH

RANDY MCCANN                                MAGISTRATE JUDGE WHITEHURST

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff Brian Keith Babineaux ("Babineaux"), who is proceeding *pro se* and *in forma pauperis* in this matter.  The matter was filed in the Eastern District of Louisiana on June 26, 2023 (doc. 1) and transferred to this Court on or about July 31, 2023 (doc. 7).  The plaintiff is currently incarcerated at the Lafayette Parish Correctional Center. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

Background

The instant complaint names as the sole defendant Randal McCann in his capacity as plaintiff's attorney in his state court proceedings.  Plaintiff complains that from the time he was arrested until now, his attorney has given "minimal responses," has refused to file motions and has neglected to work with him.  Doc. 3, p. 5.  He also complains that McCann made "gestures" to the opposing party as if he was working with them." *Id*.

**Law and Analysis**

### A. *Frivolity Review*

Babineaux has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### C. Application

Neither a court-appointed attorney nor a privately-retained attorney are state actors for purposes of section 1983. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (*citing Polk Cnty. v. Dodson,* 454 U.S. 312, 324-25 (1981); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988)).

McCann, as Babineaux's defense counsel, is a non-state actor and therefore, not subject to suit under section 1983 conduct unless Babineaux can show McCann's conduct is "fairly attributable to the State." *See Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017). Babineaux's complaint fails to establish McCann's liability as a non-state actor. Therefore, it is subject to dismissal for failure to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted**

by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

THUS DONE in Chambers on this 14th day of November, 2023.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**